# EXHIBIT 1

## TRAJAN'S COMPLAINT AGAINST RENNAKERS AND GENERATION PARTNERS RE: FRAUDULENT TRANSFER OF ASSETS

*Trajan Assets IV, Ltd. v. Dana S. Rennaker, et al.*
U.S. District Court, District of Oregon, Case No. ___________

# GUARANTY AGREEMENT

THIS GUARANTY AGREEMENT dated as of November 14, 2006 is from **BRENT SNYDER**, individually, whose address is [redacted], Denver, CO 80205 and **CHAD RENNAKER**, individually, whose address is c/o [redacted] Portland, Oregon 97204 (jointly and severally, the "Guarantor"), to and for the benefit of **TRAJAN ASSETS IV, LTD.**, a Colorado limited liability company ("Lender"), whose address is [redacted] Louisville, Colorado 80027, Attention: Joe Buczkowski.

## Recitals

A. Lender has made a loan (the "Loan") to **WELTON PLACE, LLC**, a Colorado limited liability company ("Borrower") in the principal amount of $2,940,000, which Loan is evidenced by Borrower's Promissory Note (the "Note") dated of even date herewith in favor of Lender in the principal amount of $2,940,000.

B. Guarantor acknowledges that Guarantor will benefit from Lender making the Loan to Borrower.

C. This Guaranty is executed and delivered to Lender by Guarantor to induce Lender to make the Loan and in satisfaction of a material condition precedent to Lender making the Loan. Guarantor acknowledges and agrees that Lender would not make the Loan unless Guarantor executed and delivered this Guaranty.

## Agreement

IN CONSIDERATION of Lender making the Loan to Borrower and the benefits to be derived by Guarantor from the Loan and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Guarantor agrees as follows:

1. Guarantee.

(a) Guarantor unconditionally guarantees to Lender the full and prompt payment, in lawful money of the United States, upon demand when due, whether at maturity or by acceleration or otherwise, of all of Borrower's present and future indebtedness and obligations of any nature whatsoever to Lender, including, without limitation, all of Borrower's present and future obligations under the Note (and all modifications, amendments, restatements, extensions and renewals thereof) whether for principal, interest or otherwise, and whether absolute or contingent, primary or secondary, direct or indirect, voluntary or involuntary, liquidated or unliquidated, including, without limitation, all increases in the principal amount of such obligations above the current amount.

(b) In addition to Guarantor's obligations pursuant to (a), Guarantor agrees to pay Lender any and all expenses, including, without limitation, reasonable attorney's fees, court costs and related legal expenses incurred by Lender in connection with the enforcement of this Guaranty.



COPY

All of the obligations, indebtedness and liabilities of Guarantor set forth in this Section 1 are referred to herein as the "Obligations".

2. Guaranty of Payment. This is a guaranty of payment and not of collection, and Lender shall not be required to take any action against the Borrower or resort to any other security given for the performance of the Borrower's obligations as a precondition to the obligations of the Guarantor hereunder.

3. Obligations Absolute. The obligations of the Guarantor hereunder are primary, absolute and unconditional and are intended as a continuing guaranty of payment and performance by Guarantor. Guarantor acknowledges having been provided with copies of the Note if requested by Guarantor and having consulted with counsel concerning Guarantor's obligations hereunder. The right of recovery against Guarantor under this Guaranty is in addition to Guarantor's liability under the Note for the benefit of Lender; and such right of recovery shall exist notwithstanding any right or power of Borrower or anyone else to assert any claim or defense as to the genuineness, regularity, validity or enforceability of any of the Obligations, any collateral security therefor, any guaranty thereof or the Note.

4. No Impairment of Liability. Guarantor agrees that Guarantor's liability hereunder will not be released, reduced, impaired or affected by any one or more of the following events: (a) Lender's obtaining collateral from Borrower or any other person to secure payment or performance of the Note; (b) the assumption of liability by any other person (whether as guarantor or otherwise) for payment or performance under the Note; (c) the release, surrender, exchange, loss, termination, waiver or other discharge of any collateral securing payment or performance under the Note; (d) the subordination, relinquishment or discharge of the Lender's rights relating to the Note or any collateral described therein; (e) the foreclosure upon any collateral given to secure any liability of Borrower by judicial or non-judicial sale; (f) the loss or impairment of any right of subrogation of the Guarantor; (g) the full or partial release from liability of Borrower or any other person now or hereafter liable for payment or performance under the Note; (h) the insolvency, bankruptcy, reorganization, discharge, waiver or other exoneration of the Borrower or any other person now or hereafter liable for payment or performance under the Note; (i) the renewal, consolidation, extension, modification, rearrangement or amendment from time to time of the Note or of the terms of the Note, including, without limitation, the extension of the maturity date of the Note; (j) the failure, delay, waiver or refusal by Lender to exercise any right or remedy held by Lender under the Note; (k) Lender's application of any monies available to Lender in payment or reduction of any of the Obligations in such manner and such amounts and at such times and in such order of priority as Lender may see fit to the payment or reduction of such portions of the Obligations as Lender may elect; (l) the sale, encumbrance, transfer or other modification of the ownership of the Borrower or the Borrower's assets, or the change in the financial condition or management of the Borrower; (m) the invalidity, unenforceability or insufficiency of the Note or any collateral securing payment or performance thereunder; or (n) the failure of the Guarantor to receive notice of any one or more of the foregoing actions or events.

Guarantor specifically acknowledges and agrees that Lender may, at its option without notice to or further consent of Guarantor, take any of the foregoing actions and that if Lender

elects to take any of the foregoing actions or any of the foregoing events occur, that such actions or events shall in no way reduce, affect, impair or limit the liability of Guarantor hereunder.

5. Waivers by Guarantor. Guarantor hereby expressly waives (a) diligence, presentment, protest, notice of dishonor, demand for payment, notice of nonpayment or nonperformance; (b) notice of the acceptance of this Guaranty; (c) notice of the existence or creation of all or any part of the Obligations; (d) notice of termination as to future liability given by any other guarantor; (e) notice of demand, advertisement or notice of time or place of sale of any collateral securing any of the Obligations; (f) all presentments, demands for performance, notices of nonperformance, protests and all other notices whatsoever; (g) any right to require Lender to proceed against Borrower or any security held in relation to the Obligations or to pursue any other right or remedy in Lender's power; (h) any right to contest the enforcement of this Guaranty by virtue of any statute of limitations or other law varying the terms of this Guaranty; (i) any other defense available to Guarantor at law or in equity; (j) the rights to interpose counterclaims or set offs of any kind or description in any litigation arising under this Guaranty; or (k) any rights Guarantor may have under Colorado Revised Statutes §§ 13-50-102 or 13-50-103 (or any corresponding future statute or rule of law in any jurisdiction) by reason of release of fewer than all of the guarantors of the Obligations.

6. No Reliance by Guarantor. Guarantor acknowledges and agrees that Guarantor has performed his or its own independent investigation of the financial condition of Borrower and has not relied upon Lender for such investigation. Guarantor hereby waives and agrees not to assert or take advantage of any duty on the part of Lender to disclose to Guarantor any facts it may now or hereafter know about Borrower, it being understood and agreed that Guarantor is fully responsible for being and keeping informed of the financial condition of Borrower and of all circumstances bearing on the risk of nonpayment of any indebtedness hereby guaranteed.

7. Waiver of Subrogation. Guarantor hereby irrevocably waives any claims or other rights which he or it may now or hereafter acquire against Borrower that arise from the existence or performance of the Guarantor's obligations under this Guaranty, including, without limitation, any right of subrogation, reimbursement, exoneration, contribution or indemnification and any right to participate in any claim or remedy Lender has against the Borrower or any collateral which Lender now or hereafter acquires, whether or not such claim, remedy or right arises in equity or under contract, statute or common law, by any payment made hereunder or otherwise including, without limitation, the right to take or receive from the Borrower, directly or indirectly, in cash or other property or setoff or in any other manner, payment or security on account of such claim or other rights.

8. Amendments. No provision or term of this Guaranty may be amended, modified, revoked, supplemented, waived or otherwise changed except by a written instrument duly executed by Guarantor and Lender and designated as an amendment, supplement or waiver.

9. Transfer of Assets. Guarantor will not voluntarily or involuntarily transfer title to any of his material assets without fair consideration or take any other action or suffer the same to be done, which would have a materially adverse effect on Guarantor's ability to fulfill his obligations to Lender hereunder.



COPY

10. Guaranty Reinstated. This Guaranty Agreement shall continue to be effective or be reinstated, as the case may be, if at any time payment, or any part thereof, of any of the Obligations is rescinded or must otherwise be restored or returned by Lender, all as though such payment had not been made.

11. Notices. Any notice required to be given to any party pursuant to any provision of this Agreement shall be in writing and shall be delivered by hand delivery or mailed by certified mail, return receipt requested, postage prepaid. All notices or other communications shall be deemed to be properly given upon receipt of delivery by the applicable party. All notices or other communications shall be addressed as follows:

(a) If to Guarantor:

Brent Snyder
[redacted]
Denver, CO 80205
Fax: (303) 623-4033

Chad Rennaker
[redacted]
Portland, Oregon 97204
Fax: (503) 288-6209

(b) If to Lender:

Trajan Assets IV, Ltd.
245 Century Cir., Ste 202
Louisville, CO 80027
Attn: Joe Buczkowski
Fax: (3030 468-8019

with a copy to:

Holme Roberts & Owen LLP
1700 Lincoln, Suite 4100
Denver, Colorado 80203
Attn: Paul Timmins, Esq.
Fax: (303) 866-0200

Either party may change its address for the giving of notice by notice hereunder.

12. Counterparts. This Guaranty may be executed in two or more counterparts, each of which shall be deemed an original and all of which together shall constitute one instrument.

13. Captions and Pronouns. The captions and headings of the various sections of this Guaranty are for convenience only, and are not to be construed as confining or limiting in any way the scope or intent of the provisions hereof.



COPY

14. Binding Effect. This Agreement will be binding on the Guarantor and his successors and permitted assigns, and will inure to the benefit of the Lender and all successors and permitted assigns of the Lender. Guarantor consents to the assignment of all or any portion of the rights of the Lender hereunder in connection with any assignment of the rights of the Lender under the Note without notice to the Guarantor.

15. Waiver. Lender shall not be deemed to have waived any provision of this Guaranty or the Note unless such waiver is in writing and is signed by Lender.

16. Provisions Several/Illegality. The unenforceability or invalidity of any provision or provisions hereof shall not render any other provision or provisions herein contained unenforceable or invalid and in lieu of each such illegal, invalid or unenforceable provision there shall be added automatically as a part of this Guaranty a provision as similar in terms to such illegal, invalid, or unenforceable provision as may be possible and be legal, valid, and enforceable.

17. Waiver of Jury Trial. Guarantor hereby waives any right to jury trial of any claim, cross-claim or counterclaim relating to or arising out of or in connection with this Guaranty or the Note.

18. Right of Offset. Upon (i) the occurrence and during the continuance of any Event of Default under the Note, Lender is hereby authorized at any time and from time to time, to the fullest extent permitted by law, to set off and apply any and all deposits (general or special, time or demand, provisional or final) at any time held and other obligations at any time owing by such Lender to or for the credit or the account of Guarantor against any and all amounts due hereunder, irrespective of whether or not Lender shall have made any demand and although the Obligations may be unmatured. The rights of Lender under this section are in addition to other rights and remedies (including, without limitation, other rights of setoff) Lender may have.

19. Choice of Law. This Agreement has been negotiated, executed and delivered in Denver, Colorado, and is intended to be construed in accordance with the laws of the State of Colorado.

20. Jurisdiction and Venue. At the sole option of Lender, any action concerning this Guaranty, the Note may be brought in (i) the Colorado District Court for the City and County of Denver, Colorado, (ii) in the United States District Court for the District of Colorado or (iii) in any other court where jurisdiction and venue are proper, and Guarantor hereby irrevocably agree that all claims in respect of any such action or proceeding may be heard and determined in any of the courts described above. Guarantor hereby consents to nonexclusive venue and jurisdiction in any of the courts described above and hereby irrevocably waive the defense of inconvenient forum to the maintenance of any such action or proceeding.

21. Time of the Essence. Time is of the essence hereof with respect to the dates, terms and conditions of this Guaranty.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]







COPY

IN WITNESS WHEREOF, the Guarantor has duly executed this instrument the date first above written.

BRENT C. SNYDER, individually

CHAD I. RENNAKER, individually

COPY