# EXHIBIT 4

## TRAJAN'S COMPLAINT AGAINST RENNAKERS AND GENERATION PARTNERS RE: FRAUDULENT TRANSFER OF ASSETS

*Trajan Assets IV, Ltd. v. Dana S. Rennaker, et al.*
U.S. District Court, District of Oregon, Case No. ___________

# TOLLING AGREEMENT

This Tolling Agreement ("Agreement"), dated as of March 7, 2011 (the "Effective Date"), is entered into by and among **TRAJAN ASSETS IV, LTD. ("Trajan")**, a Colorado limited liability company, **BRENT SNYDER ("Snyder")**, individually, and **CHAD RENNAKER ("Rennaker")**, individually (collectively, the "Parties").

## RECITALS

A. On November 14, 2006, Welton Place, LLC ("Welton") executed a Promissory Note to Trajan in the amount of two million nine hundred forty thousand and no/100ths dollars ($2,940,000.00) together with interest on the unpaid principal balance (the "Note").

B. Brent Snyder and Chad Rennaker both executed the Note as co-managers of Welton.

C. The purpose of the Note was to evidence Trajan's loan to Welton for the development of condominium units on the property described in Exhibit A ("Property").

D. The "Maturity Date" of the Note is the first to occur of the following: a) acceleration for any reason under the terms of the Promissory Note or b) the later to occur of November 30, 2008 or the Extended Maturity Date, as defined in the Deed of Trust to Public Trustee, Security Agreement, Financing Statement, Assignment of Leases and Rents, and Fixture Filing ("Deed of Trust") executed by Welton and Trajan on November 14, 2006.

E. To date, Welton has not paid the amount due under the Note nor made any payments pursuant to the terms of the Note.

F. Snyder and Rennaker, jointly and severally, guaranteed the Note pursuant to the written "Guaranty Agreement" attached as Exhibit B (the "Guaranty").

G. On May 19, 2010, Welton filed for bankruptcy under Chapter 11 of the Bankruptcy Code in Case No. 10-22239-ABC filed in the United States Bankruptcy Court for the District of Colorado.

H. Welton's plan of reorganization provides that Welton will have an additional three years following the effective date of the plan to sell or refinance the Property. To avoid potentially unnecessary litigation regarding the Guaranty, Trajan, Snyder and Rennaker believe that it would be mutually beneficial to toll any statute of limitations that may be applicable to Snyder's and Rennaker's obligations under the Guaranty.

NOW, THEREFORE, in consideration of the mutual covenants and conditions set forth below, the Parties hereby agree as follows:

## AGREEMENT

1. Tolling Agreement. Any applicable statute of limitations, theory of laches, estoppels or waiver under any federal or state statute or common law or otherwise by virtue of the passage of time (collectively "Timing Defenses") that either Party has the right to assert with respect to the Guaranty Agreement is hereby tolled and suspended from the Effective Date of this Agreement until 5:00 p.m. Mountain Time on December 31, 2014 ("Tolling Period").

2. In the event Trajan files any cause of action or claim at any time in the future against Snyder and Rennaker, jointly or severally, in connection with the Guaranty, the Tolling Period shall not be included for purposes of computing the period of any applicable statute of limitations or the applicability of any other Timing Defenses.

3. No Limitations. Nothing in this Agreement shall prevent or otherwise limit the right of Trajan to commence an action against Snyder or Rennaker during the Tolling Period with respect to the Guaranty Agreement.

4. No Admission. Neither the fact of this Agreement nor the Agreement itself nor any language in it shall be referred to, or used, offered, or admitted as evidence (whether substantively, for purposes of impeachment, as a basis or part of testimony, or for any other purpose) in or during any proceeding or action, with the sole exception being that the Agreement may be offered to establish its terms in the event an issue exists concerning whether an action, proceeding, claim, or defense is barred by a statue of limitations, laches, or delay.

   Nothing in this Agreement is intended as, shall constitute, or be used as an express or implied admission of fault, wrongdoing, responsibility, or liability or an admission of any of the Parties of any kind and except as expressly stated herein, all rights of all Parties are expressly reserved.

5. Entire Agreement. This Agreement contains the entire agreement between the Parties with respect to its subject matter, and no statement, promise, or inducement made by any of the Parties or agent of the Parties that is not contained in this Agreement shall be valid or binding, and this Agreement shall not be enlarged, modified, or altered except in writing signed by the Parties.

6. Miscellaneous.

   6.1 Governing Law. This Agreement is made and entered into in the State of Colorado, and the rights and obligations of the Parties shall in all respects be construed and enforced in accordance with, and governed by, the laws of the State of Colorado.

   6.2 Waiver. No provision herein may be waived unless in writing and signed by all Parties. Waiver of any one provision herein shall not be deemed to be a waiver of any other provision herein. This Agreement may be modified or amended only by written agreement executed by all of the Parties.

   6.3 Binding Effect. This Agreement shall bind, and shall inure to the benefit of, the Parties and their respective predecessors, successors and assigns.

   6.4 Preparation of Document. Each Party has cooperated in the drafting and preparation of this Agreement and, accordingly, the normal rule of construction to the effect that ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

   6.5 Counterparts. This Agreement may be executed in counterparts and via facsimile, all of which shall have full force and effect.

   6.6 Authority. Each Party represents and warrants that all legal action necessary for effectuation and execution of this Agreement has been validly taken and that the individuals whose signatures appear below on behalf of each Party are duly authorized to execute this Agreement on behalf of the respective Parties, and to bind them to the terms hereof.

7. Notice. Any notice to be provided to a party in connection with this Agreement shall be served by messenger or overnight courier service, or e-mail as follows:

(1) Trajan Assets IV, Ltd.
c/o Joe Buczkowski
245 Century Cir. Ste. 202
Louisville, CO 80027

(2) Brent Snyder
[redacted]
Denver, CO 80205

(3) Chad Rennaker
[redacted]
Louisville, CO 80027

All notices will be deemed given on the date of delivery if served by messenger or overnight courier or the date of electronic transmission if served by e-mail. Any Party may specify a different address for notice under this Agreement by sending notice to the other party by any of the means specified above.

THE REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date first above written.

TRAJAN ASSETS IV, LTD.,
a Colorado limited liability company

By:______________________
Joe Buczkowski, Managing Member

______________________
BRENT SNYDER, individually

______________________
CHAD RENNAKER, individually

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date first above written.

TRAJAN ASSETS IV, LTD.,
a Colorado limited liability company

By:____________________________________
Joe Buczkowski, Managing Member

______________________________________
BRENT SNYDER, individually

______________________________________
CHAD RENNAKER, individually